UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALICE GARBOSKE,

        Plaintiff,

Case No. 1:04-cv-230

HON. RICHARD ALAN ENSLEN

v.

COMMISSIONER OF
SOCIAL SECURITY,

        Defendant.
_____/

**JUDGMENT**

      This matter is before the Court on the Objections of Plaintiff Alice Garboske to Magistrate Judge Ellen S. Carmody's Report and Recommendation of June 6, 2005 ("Report"). The Report recommends that the Commissioner's decision be reversed and remanded for further factual findings pursuant to sentence four of 42 U.S.C. § 405(g). Pursuant to 42 U.S.C. § 405(g), the Court reviews the decision to determine whether it is supported by substantial evidence. *See Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 534 (6th Cir. 2001). Upon *de novo* review of the Report, the Objections, and the record, this Court concludes that the Report should be adopted and the Objections denied.

      Plaintiff raises three objections to the Report. Plaintiff first argues that the Commissioner should not have the opportunity to correct any errors because Plaintiff would not have been given the same opportunity if "the shoe had been on the other foot.". However, this is not the legal standard. The Court can award Plaintiff benefits only if proof of her entitlement to benefits is compelling. *See I.N.S. v. Elias-Zacaria*, 502 U.S. 478, 481 n.1 (1992); *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994) (stating "[a] judicial award of benefits is proper only where the proof of disability is overwhelming or where the proof of disability is strong and

1

evidence to the contrary is lacking."). The Court is prohibited by law from awarding government benefits unless there is a statutory entitlement to those benefits. *See Office of Personnel Mgmt. v. Richmond*, 496 U.S. 414, 424 (1990). The objection makes no claim of statutory entitlement to benefits and will therefore be denied.

      Plaintiff's second objection argues that the Administrative Law Judge ("ALJ") is biased in favor of Defendant and would reach the same conclusion on remand, thus depriving Plaintiff of due process. The right to a trial by an impartial decisionmaker is a basic requirement of due process. *In re Murchison*, 349 U.S. 133, 136 (1955). Although an adjudicator is presumed to be unbiased, *see Schweiker v. McClure*, 456 U.S. 188, 195 (1982), this presumption can be rebutted by showing that the ALJ "displayed deep-seated and unequivocal antagonism that would render fair judgment impossible." *Liteky v. United States*, 510 U.S. 540, 556 (1994). Plaintiff has not pointed to specific conduct by the ALJ that reflects such an antagonism. She identifies only the ruling and rulings alone are almost never sufficient evidence of bias, as standing alone they can only in the rarest circumstances evidence the degree of antagonism required. *Id.* at 555. The ALJ's ruling displays no evidence of the kind of antagonism required as the basis for a bias claim, thus the objection will be denied.

      Plaintiff's third objection argues that remand is inappropriate because the record evidence plainly demonstrates disability. Plaintiff contends that the ALJ erred in not accepting Plaintiff's testimony regarding the consistency and severity of her migraine headaches. (Pl.'s Objs. at 12-15). Plaintiff further argues that if the ALJ had accepted the testimony, he would have been required to find Plaintiff disabled because no employer would accommodate the time off work required by Plaintiff. (Pl.'s Objs. at 12). This argument is based in part on testimony by the vocational expert

that employers will tolerate, at most, absenteeism of one to two days per month and ten percent "off-task time" on the job. (Tr. at 536-37). It is unclear from the record how much absentee or off-task time Plaintiff's headaches demand. The Court may not resolve evidentiary conflicts or decide questions of credibility. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). Therefore, Plaintiff's objection will be denied because Plaintiff has not shown compelling evidence necessary to warrant entering of an award of disability benefits. *See Elias-Zacaria*, 502 U.S. at 481 n.1.; *Faucher*, 17 F.3d at 176.

      **THEREFORE, IT IS HEREBY ORDERED** that Plaintiff Alice Garboske's Objections (Dkt. No. 15) are **DENIED**, the Report and Recommendation (Dkt. No. 14) is **ADOPTED**, the decision of the Commissioner of Social Security is **REVERSED** and this matter is **REMANDED** for further factual findings pursuant to sentence four of 42 U.S.C. § 405(g).

Dated in Kalamazoo, MI:                                        /s/Richard Alan Enslen
August 4, 2005                                                 Richard Alan Enslen
                                                                         United States District Judge