UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALICE GARBOSKE,

    Plaintiff,                                      Hon. Richard Alan Enslen

v.                                               Case No.  1:04-cv-230

COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.
_____/

**ORDER**

This matter is before the Court on Plaintiff's Motion for Attorney Fees Under the Equal Access to Justice Act. Plaintiff's counsel seeks $12,070.28 in fees and costs. As discussed below, counsel's motion is **granted in part and denied in part.**

Plaintiff initiated the present matter on April 1, 2004, and on August 4, 2005, the matter was remanded to the Commissioner for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405. Counsel now seeks to recover his fees and costs pursuant to the Equal Access to Justice Act ("EAJA").

Under the EAJA, the prevailing party in an action seeking judicial review of a decision of the Commissioner of Social Security may apply for an award of fees and costs incurred in bringing the action. *See* 28 U.S.C. § 2412(d)(1)(A). While a prevailing party is not simply entitled, as a matter of course, to attorney fees under the EAJA, *see United States v. 0.376 Acres of Land*, 838 F.2d 819, 825 (6th

Cir. 1988), fees and costs are to be awarded unless the Court finds that the Commissioner's position was "substantially justified" or that "special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A).

Defendant neither disputes that Plaintiff is a prevailing party for purposes of the EAJA, nor asserts that her position was substantially justified. Defendant nonetheless opposes counsel's motion on the ground that he "improperly seeks attorney fees for time spent pursuing this disability application at the administrative level, prior to filing a complaint for judicial review with this Court." The Court agrees and will reduce counsel's request accordingly.

As the United States Supreme Court has held, the EAJA does not permit recovery for time spent (or costs incurred) in administrative proceedings which precede the filing of a civil action in federal court. *See Sullivan v. Hudson*, 490 U.S. 877 (1989); *Melkonyan v. Sullivan*, 501 U.S. 89 (1991). Because the vast majority of counsel's fee request is premised on time spent pursuing this matter at the administrative level prior to initiating the present action in this Court, counsel's request must be reduced to reflect only the time spent (and costs incurred) pursuing Plaintiff's claim in this Court.

Counsel's time records indicate that from March 25, 2004, through October 20, 2005, he spent 18.75 hours on Plaintiff's behalf. (Dkt. #17, Ex. 2). Counsel's time records also contain an entry of 5.5 hours for miscellaneous activities undertaken between the dates of November 23, 2002, and July 22, 2004. *Id.* While counsel has not indicated what percentage of this miscellaneous activity occurred after March 25, 2004, the Court does not doubt that a portion of such activities were undertaken after this date. Absent precise records, the Court concludes that the fairest way to determine what portion of these miscellaneous activities is compensable under the EAJA is to determine the ratio of (a) hours presently compensable under the EAJA (18.75) to (b) the total of non-miscellaneous hours worked on Plaintiff's claim (72.5) and apply this ratio to the 5.5 hours of miscellaneous work. This calculation reveals that of the 5.5 hours spent performing miscellaneous tasks, only 1.42 hours is presently compensable. Rounding

this number up to 1.5, counsel is entitled to recover fees for 20.25 hours. Counsel requests that he be compensated at a rate of $130 per hour (a rate not contested by Defendant). Counsel's statement of costs indicates that from March 30, 2004, through August 24, 2004, he incurred $188.61 in costs. (Dkt. #17, Ex. 3).

In sum, therefore, under the EAJA counsel is entitled to recover fees for 20.25 hours and an additional $188.61 in costs. This amount equals $2,821.11. Accordingly, the Court grants in part counsel's motion for fees and costs under the EAJA in the amount of $2,821.11.

IT IS SO ORDERED.

DATED in Kalamazoo, MI:
December 2, 2005

 /s/ Richard Alan Enslen
RICHARD ALAN ENSLEN
SENIOR UNITED STATES DISTRICT JUDGE